**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-13480
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JERELLE JONES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:25-cr-00001-AW-MAF-1
_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit Judges.

PER CURIAM:

Jerelle Jones appeals his sentence of 114 months of imprisonment for bank fraud, conspiracy to commit bank fraud, aggravated

identity theft, and forgery. He argues that the district court erred in calculating the loss amount attributable to him and by failing to apply a three-level reduction for acceptance of responsibility to his total offense level. Because the district court stated that it would have imposed the same sentence, which was below the statutory maximum, regardless of Jones's guideline range, any error was harmless, so we affirm.

## I.    BACKGROUND

Jones pleaded guilty to eight total counts: four counts of bank fraud, 18 U.S.C. §§ 1344(2) & 2; one count of conspiracy to commit bank fraud, *id.* §§ 1344 & 1349; two counts of aggravated identity theft, *id.* §§ 1028A(1)(1) & 2; and one count of forgery, *id.* § 1543. The counts arose out of a "customer cash-out scheme" in which Jones and his co-conspirators would impersonate bank customers and make unauthorized withdrawals from the customers' bank accounts using fraudulent identification documents.

A probation officer prepared a presentence investigation report that calculated a base offense level of 7. U.S.S.G. § 2B1.1(a)(1). The report added 14 levels because the loss exceeded $550,000 but was less than $1,500,000. *Id.* § 2B1.1(b)(1)(E). The report added an additional 2 levels for use of a sophisticated means, *id.* § 2B1.1(b)(10)(C); 2 levels for the production of unauthorized access devices, *id.* § 2B1.1(b)(11)(B)(i); and 3 levels for Jones's managerial role in the conspiracy, *id.* § 3B1.1(b). After applying a three-level reduction for acceptance of responsibility, *id.* § 3E1.1(a)-(b), the report calculated a total offense level of 25. The report stated

that Jones's criminal history category was III with a guideline range of imprisonment of 70 to 87 months, plus a mandatory consecutive term of 24 months for the aggravated identity theft counts. The report also stated that the statutory maximum term of imprisonment on each bank fraud count was 30 years, and the maximum term of imprisonment on the forgery count was 10 years.

Before sentencing, Jones made several objections to his guideline calculation, including to the loss amount, and the government argued that Jones was no longer eligible for the acceptance of responsibility reductions to his total offense level because of his frivolous objections. Jones withdrew most of his objections and argued that he was still entitled to the acceptance of responsibility reductions but maintained his objection to the calculation of the loss amount.

At sentencing, the district court found that the loss amount calculation was correct and that Jones was not entitled to the acceptance of responsibility reductions. It determined that Jones's total offense level was 28 with a guideline range of 97 to 121 months of imprisonment plus 24 months for the aggravated identity theft counts, and it sentenced Jones to a total of 114 months of imprisonment. It stated that it considered the sentencing factors. 18 U.S.C. § 3553(a). It stated that, although not reflected in his criminal history score, Jones had "pretty consistently" been committing fraud since he was young, so there were concerns about recidivism. It mentioned the seriousness of the offense and extent of the scheme and that general deterrence was important because there

were many people in the public interested in making "easy money" who needed to understand that committing this kind of fraud had serious consequences. Before imposing its sentence, it stated, "this is the same sentence [it] would have imposed if the guidelines had been different," and that "if the guidelines had been lower because of any reason, including but not limited to acceptance of responsibility or lower loss amount, this is the same sentence [it] would have imposed" based on the sentencing factors.

## II.     STANDARDS OF REVIEW

We review the interpretation and application of the Sentencing Guidelines *de novo* and underlying findings of fact for clear error. *United States v. James*, 135 F.4th 1329, 1332 (11th Cir. 2025). We also review a sentence for reasonableness, a deferential standard of review for abuse of discretion. *United States v. Sotelo*, 130 F.4th 1229, 1244 (11th Cir. 2025). A district court abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *Id.*

## III.     DISCUSSION

Jones argues that the district court procedurally erred by failing to apply the acceptance of responsibility reductions to his total offense level and in calculating the loss amount. But when a defendant challenges the procedural reasonableness of his sentence, we may affirm without reaching the procedural issue if the district court stated that it would have imposed the same sentence, even

absent an alleged error, and the sentence is substantively reasonable. *United States v. Grushko*, 50 F.4th 1, 18 (11th Cir. 2022). "'[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court because of an error in calculating the Sentencing Guidelines range since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm.'" *Id.* (alterations adopted, quoting *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006)).

When a district court states that its choice of sentence "would not have changed even with a different guideline calculation—we assume there was an error, reduce the guideline range according to the way the defendant argued, and analyze whether the sentence would be substantively reasonable under that guideline range." *Id.* (citing *Keene*, 470 F.3d at 1349-50). The defendant bears the burden of proving that his sentence is unreasonable based on the record and the statutory sentencing factors. *Id.* (citing *Keene*, 470 F.3d at 1349-50). "Remand is not appropriate if we determine that the district court's error did not impact its ultimate sentence *and* the ultimate sentence is substantively reasonable." *Id.* (citing *Keene*, 470 F.3d at 1348-50).

Any procedural error was harmless. The district court stated that it would have imposed "the same sentence" even "if the guidelines had been different" based on the sentencing considerations it discussed. And Jones's 114-month sentence was reasonable. Section 3553(a) mandates that a sentence must be sufficient, but not greater than necessary, to comply with the statutory purposes of

punishment. *Hewitt v. United States*, 606 U.S. 419, 435 (2025) (citing 18 U.S.C. § 3553(a)). These purposes include the need to reflect the seriousness of the offense, deter criminal conduct, protect the public from the defendant's future crimes, and provide the defendant with needed training or treatment. 18 U.S.C. § 3553(a)(2)(A)-(D). The court must also consider the offense's "nature and circumstances," the defendant's "history and characteristics," the "kinds of sentences available," the applicable guideline range, Sentencing Commission policy statements, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the need to provide restitution to the victims. *Id.* § 3553(a)(1), (3)-(7). The district court considered these factors and found that a sentence of 114 months of imprisonment was appropriate based on the seriousness of the offense, Jones's criminal history, and the need to deter future criminal conduct. Based on this record, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment" in sentencing Jones to 114 months of imprisonment, which was well below the statutory maximum sentence. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).

## IV.    CONCLUSION

We **AFFIRM** Jones's sentence.